1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Olegario L. Lopez,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | CV 11-1499-PHX-JAT<br><br>**ORDER** |

In this social security appeal, the parties agree that this case must be remanded to the agency. The only dispute is whether remand should be for further development of the record or for an immediate award of benefits.

Defendant argues that remand should be for further development of the record because, while the Defendant concedes that the Administrative Law Judge ("ALJ") erred in his analysis at Step 3 (Doc. 21 at 6), the record does not establish that Plaintiff has been disable for 12 consecutive motions (Doc. 27 at 2). Defendant argues that this ambiguity in the record exists because Plaintiff's doctor's treatment notes are inconsistent with the doctor's conclusion of disability. (Doc. 27 at 4, 7). Defendant also argues that there were conflicting medical conclusions by the government's doctor's in the record. (Doc. 21 at 6). Finally, Defendant argues that Plaintiff's doctors' opinions on which Plaintiff encourages this Court to rely are in fact legal conclusions, and not medical opinions. Thus, Defendant argues that this Court need not give any deference to those legal conclusions. (Doc. 27 at 7-8 (citing

*McLeod v. Astrue*, 640 F.3d 881, 884 (9th Cir. 2011))). Defendant concludes that a de novo reconsideration of the medical evidence and additional vocational expert testimony based on this medical evidence is warranted. (Doc. 21 at 4-5).

Plaintiff counters and does not materially dispute Defendant's factual assertions. Instead, Plaintiff argues that under the law of appellate review of administrative agency decisions (Doc. 31 at 4) and the law governing appellate review of social security decisions, (*id.* at 2-3), this Court cannot base its decision to remand on the evidence cited by Defendant. Specifically, Plaintiff notes that the ALJ determined Plaintiff was not disabled finding that the opinion of the treating physician, "was not given significant weight because it is not supported by the greater objective medical evidence of record and it appears to be based primarily on claimant's subjective complaints." (TR. 24).[1] Plaintiff complains that this conclusion was based on only four pages of evidence from the record. (Doc. 31 at 4). However, Plaintiff then argues that these four pages of evidence referenced by the ALJ are the only evidence in the 466 page record that this Court may consider.[2] Further, Plaintiff argues that this Court must consider the portions of the physicians' opinion that support a finding of disability and credit them as true. (Doc. 31 at 7).

The parties agree that the errors of the ALJ occurred at Step 3 of the analysis. In reviewing an error in evaluating a combination of impairments at Step 3, the Ninth Circuit Court of Appeals remanded for reconsideration of the evidence, without applying credit as true in *Marcia v. Sullivan*, 900 F.2d 172, 176-77 (9th Cir. 1990). The Court stated:

> We hold that, in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments. Applying this standard to the findings in this case, we find that the [ALJ's] statement that [Plaintiff] did not equal the listing was insufficient.

---

[1] The Record from the agency ("TR") is at Doc. 12.

[2] Plaintiff argues: "All evidence referenced by Defendant, other than these four pages, constitutes impermissible post hoc justification for the ALJ's Decision to deny benefits at step three." Doc. 31 at 4.

> We have discretion to remand for further proceedings or to award benefits. *Winans*, 853 F.2d at 647. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981). Where the Secretary is in a better position than this court to evaluate the evidence, remand is appropriate. *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir.1989).
> We remand this case to the Secretary for proper consideration of step three equivalence because he is in a better position to evaluate the medical evidence. On remand, if the Secretary finds that [Plaintiff's] impairment or combination of impairments equals a listing, the claimant is presumed to be disabled, and benefits should be awarded. If the Secretary determines that [Plaintiff's] medical evidence is insufficient to raise a presumption of disability, he should consider the disability evaluation to steps four and five.

*Id.*

This Court finds that the facts of this case fall within the guidance of *Marcia*. Specifically, the ALJ is in a better position to evaluate: (1) the inconsistencies in the findings, (2) the different combinations of aliments; and, (3) the legal conclusions versus the medical opinions. Further the ALJ can take further vocational testimony, as necessary. Accordingly, the Court will grant Defendant's motion to remand.

To the extent Plaintiff is arguing that credit as true should be applied even in evaluating a combination of impairments at Step 3, there is a split within this Circuit as to whether credit as true is mandatory or discretionary. *See Agnew-Currie v. Astrue*, 2012 WL 2339584, 3-4 (D. Ariz. June 19, 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 593 (2009)). Although this Court considered this issue extensively in *Agnew-Currie*, this Court need not resolve this issue in this case.

The Court need not reach whether credit as true is mandatory or discretionary because this Court rejects Plaintiff's argument that when this Court looks to the medical evidence, the Court is limited to considering only the evidence of Plaintiff's own physicians that is favorable to Plaintiff. In other words, the Court acknowledges that when applying credit as true, this Court can consider non-treating-physicians' competing diagnoses only in limited circumstances. *See e.g. Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002). However, the Court disagrees that when the Court is considering whether Plaintiff's own physicians establish that he is disabled, the Court may consider only the portions of those physicians' opinions that the ALJ referenced specifically in the opinion.

The Court rejects Plaintiff's argument for three reasons. First, the cases on credit as true appear to credit the improperly discredited physician's opinions as a whole, without any limitation based on what the ALJ cited. *See e.g.*, *Harmon. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) (looking at, for example, evidence from Plaintiff's treating physician that was presented to the Appeals Counsil, but not the ALJ; and taking into consideration that doctor's opinion as a whole). Second, in this case, the ALJ stated that there was no objective evidence to support a finding of disability. (TR. 24). From that conclusion, the ALJ has rejected the physician's opinion as a whole — and while Plaintiff disputes whether this conclusion is true and whether it is an adequate reason to reject the opinion — because the ALJ rejected the whole opinion, this Court finds it can consider the entire opinion. Finally, in this case, when considering Plaintiffs' physician's testimony as a whole, there is a discrepancy as to whether Plaintiff was disabled for 12 months.[3] *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1137 (9th Cir. 2011), holds that this Court cannot award benefits to a person unless they are actually disabled. The Court finds it would be inconsistent with *Strauss* to award benefits when the Plaintiff's own physicians call into question this issue of disability.

Moreover, the Court agrees with Defendant that Plaintiff's physician's opinions are interspersed with legal conclusions. Under *McLeod*, as Defendant notes, even if this Court applies credit as true, this Court need not credit the ultimate legal determination of disability. 640 F.3d at 884. Without crediting any conclusions regarding disability, there is even more of a question as to whether Plaintiff is disabled. Thus, for all of these reasons, even if the Court were to apply credit as true to this combination of impairments as part of the Step 3 analysis, the Court would still remand for further proceedings.

---

[3] For example, Plaintiff notes that his treating physician, Dr. LaPrade, found Plaintiff could perform sedentary work. Doc. 31 at 7. Further, as Defendant notes, Plaintiff's medical records reflect that Plaintiff had symptoms in July 2007, improvement in November 2007, regression in April 2008, improvement in June 2008, regression in October 2008, a year without treatment, and a somewhat "good" physical exam in November 2009. Doc. 27 at 4.

Plaintiff additionally argues that this Court should credit as true Plaintiff's subjective symptom testimony. The Ninth Circuit Court of Appeals has instructed that,

> In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether there is "'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give "'specific, clear and convincing reasons'" in order to reject the claimant's testimony about the severity of the symptoms. *Id.* (quoting *Lingenfelter*, 504 F.3d at 1036).

*Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

In this case, as discussed above, the ALJ found that there was not objective medical evidence to support the doctors' opinions. (TR. 24). While the parties have agreed that the ALJ's decision was deficient in this regard, because the ALJ reached this conclusion, under *Molina*, he was not required to reach step two of the analysis. In other words, when the ALJ finds there is no objective evidence to support a finding of disability, the ALJ need not give specific, clear and convincing reasons for not crediting Plaintiff's subjective complaints.

Moreover, in this case, the ALJ articulated specific, clear and convincing reasons for discrediting Plaintiff's subjective complaints. (TR. at 25). First, the ALJ found that Plaintiff's claims regarding the persistence and severity of his symptoms were inconsistent with the residual functional capacity assessment. *Id.* Second, the ALJ found that Plaintiff's daily activities were inconsistent with his pain testimony. *Id.* Third, the ALJ found that Plaintiff exaggerated the nature and severity of the motor vehicle accident that gave rise to his injuries.[4] *Id.* Based on these findings, the Court will not credit as true Plaintiff's symptom testimony, nor direct the ALJ to credit it as true on remand.

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to remand (Doc. 20) is granted;

---

[4] This evidence of malingering is a further reason why the ALJ was not required to give specific, clear and convincing reasons for not crediting Plaintiff's subjective symptom testimony.

- 5 -

1 accordingly, the decision of the ALJ is reversed and this case is remanded pursuant to
2 sentence four of 42 U.S.C. § 405(g) for the ALJ to consider all evidence in this case as
3 specified above; the Clerk of the Court shall enter judgment consistent with this Order. The
4 ALJ should reconsider all evidence in this case, pose the necessary questions to the
5 vocational expert based on that evidence, and make a new determination, de novo, regarding
6 Plaintiff's entitlement to benefits.

DATED this 8th day of August, 2012.

James A. Teilborg
United States District Judge